RECEIVED
IN LAKE CHARLES, LA
APR 29 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL JACK VINSON | : | DOCKET NO. 2:09-cv-661 |
| VS. | : | JUDGE TRIMBLE |
| LA SECRETARY OF HEALTH AND HOSPITALS | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Complaint filed by Petitioner Michael Jack Vinson. For the reasons stated in the Report and Recommendation, it is RECOMMENDED that petitioner's Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

A. Background

Petitioner Vinson filed what appears to be a form Complaint naming as defendant the Louisiana Office of the Secretary, Department of Health and Hospitals. Doc. 1. Plaintiff alleges federal jurisdiction pursuant to 42 U.S.C. § 405(g), which allows the district court to review a decision of the Commissioner of the Social Security Administration denying a plaintiff's application for disability benefits.

However, petitioner names as his defendant a Louisiana entity rather than the Commissioner of Social Security. At the bottom of his complaint he refers to a Louisiana Medicaid General Application dated October 29, 2008. Additionally, he has attached to his Complaint a letter from the State of Louisiana Department of Hospitals, Bureau of Appeals.

1

This letter is dated March 24, 2009 and states:

> The attached decision has been adopted as a result of the Administrative Hearing held on March 17, 2009. This decision exhausts your administrative remedy within the Department. If you are dissatisfied with this ruling, you have the right to seek judicial review in accordance with Louisiana Revised Statute 46:107(c).
>
> Your request may be filed in the 19th Judicial District Court, Parish of East Baton Rouge or the parish of your domicile within thirty (30) days from the date of this letter.

Doc. 1-2.

B. Analysis

A lack of subject matter jurisdiction may be raised *sua sponte* at any time. *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996).

In this case, *pro se* petitioner alleges federal jurisdiction to review the state administrative denial of Medicaid benefits pursuant to 42 U.S.C. § 405(g). However, 42 U.S.C. § 405(g) provides federal jurisdiction for a district court to review a "final decision of the Commissioner of Social Security." Thus, federal jurisdiction pursuant to the claimed statute is lacking because the final decision at issue is that of the Louisiana Department of Health and Hospitals, Board of Appeals.

Although many states, including Louisiana, provide Medicaid eligibility to people eligible for Supplemental Security Income (SSI) benefits, "Medicaid is a state administered program and each state sets its own guidelines regarding eligibility and services." http://www.socialsecurity.gov/disabilityresearch/wi/medicaid.htm; 42 U.S.C. § 1396a (Title XIX of the Social Security Act); http://www.cms.hhs.gov/MedicaidGenInfo; *Case of Hamner*, 427 So.2d 1188, 1190 (La. 1983) ("Once approved by the Secretary, the federal-state medical assistance program is administered by the state.").

2

Louisiana law provides that the Department of Health and Hospitals, Office of the Secretary, through its Appeal Section, is responsible for all hearing provisions of Title XIX of the Social Security Act. La. Rev. Stat. Ann. § 46:107(A)(1). When an applicant is dissatisfied with a decision of the Department of Health and Hospitals, "an applicant or recipient may obtain judicial review thereof by filing a petition for review of the decision in the Nineteenth Judicial District Court or the district court of the domicile of the applicant or recipient." *See* La. Rev. Stat. Ann. § 46:107(C); *Bruce v. La. Dept. of Health and Hosps.*, 670 So.2d 680, 682 (La. App. 3 Cir. 1996). This was noted in the letter sent to petitioner by the State of Louisiana, Department of Health and Hospitals.

Because petitioner's Complaint does not raise a federal issue, the court has no subject matter jurisdiction over this action. *Cf. Mashburn v. La. Dept. of Social Servs.*, 1993 WL 192122 (E.D. La. June 1, 1993).

C. Conclusion

For the foregoing reasons, it is RECOMMENDED that petitioner's Complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of April, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE